ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth, Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Michelle M. Pacis, Esq. (SBN 306549)
mpacis@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California  92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE
O'CONNOR-RATCLIFF; T.J. ZANE

### UNITED STATES DISTRICT COURT

### FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER,<br><br>Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,<br><br>Defendants. | Case No.: 3:17-CV-02215-W-JLB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [FED. R. CIV. P. 12(b)(1)]; FED. R. CIV. P. 12(b)(6)]**<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1.d.1.**<br><br>Judge:  Hon. Thomas J. Whelan<br>Dept.:  3C<br>Date:  February 12, 2018<br>Time:  N/A<br><br>Action Date:  October 30, 2017<br>Trial Date:  Not Set |

## I.

## INTRODUCTION

Plaintiffs, CHRISTOPHER GARNIER ("Mr. Garnier") and KIMBERLY GARNIER ("Mrs. Garnier") (collectively, "the Garniers"), harassed Defendant, POWAY UNIFIED SCHOOL DISTRICT ("District") and Defendants MICHELLE O'CONNOR-RATCLIFF ("MOR") and T.J. ZANE ("Zane"), (collectively, "individual Defendants"). As a result, the individual Defendants blocked the Garniers from their

1

17cv02215

social media accounts. The Garniers now file this Federal action, apparently for political purposes. This motion is brought by the individual Defendants, only.

## II.

## FACTS

The Garniers are the parents of two children who attend Painted Rock Elementary School, a school within the District. The Garniers actively participate in their children's school activities.

However, beginning in the fall of 2014, the Garniers began harassing District Board Members via social media. The Garniers began expressing their dislike for the District and its Board members' conduct using harassing and disruptive forms of communication. Mr. Garnier used language to incite fear in the individual Defendants. He posted several hundreds of comments on the individual Defendants' **personal** Facebook and Twitter pages. For example, in March of 2015, Mr. Garnier began posting on Facebook under the name "PUSD Group For Change." On March 25, 2015, and while posting under the above-mentioned alias, Mr. Garnier posted at least 22 comments on MOR's Facebook page. Between April 25, 2015 and May 24, 2015, Mr. Garnier posted a link to a YouTube video of him and his wife being interviewed many times on MOR's Facebook page. From August 5, 2015 through February 23, 2016, Mr. Garnier posted a long, ten-paragraph comment 42 times on MOR's Facebook page. The comment included statements such as *"I know you will ignore me because your white privilege allows you to continue to illustrate your lack of respect for people of color."* On June 11, 2016, Mr. Garnier threatened MOR in a private Facebook message – *"I hope it's a rumor that you tried to go against Trustee Fragozo! Standby young lady...times are going to get challenging for you."* In addition, on October 16, 2017, Mr. Garnier posted 226 tweets on MOR's Twitter page over the course of several minutes.

Moreover, as Board Members for the District, both MOR and Zane were aware that in 2015, Mr. Garnier was issued a restraining order to stay away from the former

ARTIANO SHINOFF

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

Principal of Painted Rock Elementary, May Jo Thomas, due to his harassing and threatening conduct toward her. (Mr. Garnier appealed the restraining order against him, but the Court of Appeal affirmed the restraining order.) See Request for Judicial Notice, filed herewith.

The Garniers also attended public board meetings and often yelled at the District's Board Members. Given the Garniers' history of threatening District employees and his intolerable harassment of the individual Defendants, both MOR and Zane blocked the Garniers from posting on their personal social medial pages. The Garniers are currently suing both individual Defendants in their personal capacities.

## III.

## LEGAL AUTHORITY

A motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) challenges a federal court's subject matter jurisdiction over the action. The Plaintiff bears the burden of establishing subject matter jurisdiction and the court presumes lack of jurisdiction until the Plaintiff proves otherwise. *Kokkonen v. Guardian Life Insurance Company of America*, 511 U.S. 375, 377 (1994). A 12(b)(1) motion is appropriate when plaintiff's claim is barred by sovereign immunity. Wright & Arthur R. Miller, Federal Practice & Procedure: Civil § 1350 (2d ed. 1990).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual. In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air v. Meyer,* 373 F.3d 1035, 1039 (9th Cir.2004). "In resolving a factual attack on jurisdiction, the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment." *Id.*

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed as a matter of law for lack of a cognizable legal theory, or insufficient facts

3

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

under a cognizable legal theory. *Ballisteri v. Pacifica Police Dept.* 901 F.2d 696, 699 (9th Cir. 1988). In determining whether a complaint states a claim for relief, a court must accept all factual allegations as true, as well as all reasonable inferences to be drawn therefrom. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). It need not, however, accept as true "unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations." *Bureerong v. Wvawas*, 922 F.Supp. 1450, 1462 (C.D. Cal. 1996).

## IV.

## ALL OF THE GARNIERS' CLAIMS AGAINST T.J. ZANE FAIL BECAUSE THEY ARE BARRED BY THE STATUTE OF LIMITATIONS

The Ninth Circuit has held that "claims brought under [Section 1983 of Title 42 of the United States Code] borrow the forum state's statute of limitations for personal injury claims…and in California, that limitations period is two years." *Action Apartment Ass'n, Inc. v. Santa Monica Rent Control Bd.*, 509 F.3d 1020, 1026 (9th Cir. 2007). "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." *De Anza Properties X, Ltd. V. County of Santa Cruz*, 936 F.2d 1084, 1086. (9th Cir. 1991).

Here, Zane blocked Garnier from his Facebook page on or around July 20, 2015. (See Declaration of Zane, ¶ 3 attached hereto.) Thus, the statue of limitations ran, at the latest, on July 20, 2017. The Garniers filed their complaint approximately three months after the statute of limitations ran on their claims, on October 30, 2017. Therefore, the Garniers are barred from bringing their Section 1983 claims against Zane in Federal Court.

## V.

## ALL OF THE GARNIERS' CLAIMS FAIL BECAUSE THE INDIVIDUAL DEFENDANTS ARE NOT BEING SUED IN THEIR OFFICIAL CAPACITIES

It is well established that the Federal constitutional right of free speech is a "guarantee only against the abridgement **by government**, federal or state." *Hudgens v.*

4

17cv02215

*N. L. R. B.*, 424 U.S. 507 (1976) (emphasis added). See *Lovell v. City of Griffin, Ga.*, 303 U.S. 444, 450 (1938) [States are prohibited from restricting the fundamental right of free speech by the Fourteenth Amendment]. In other words, the First Amendment only prohibits the **government** from restricting free speech; it does not restrict such conduct by private persons or entities. *Pub. Utilities Comm'n of D.C. v. Pollak*, 343 U.S. 451 (1952) (emphasis added).

Similarly, only the government may violate article 1, section 2(a) of the California Constitution, which provides that "every person may freely speak, write and publish his or her sentiments on all subjects, being responsible for the abuse of this right." Indeed, in *Golden Gateway Center v. Golden Gateway Tenants Assn.*, 26 Cal.4th 1013 (Cal. 2001), the California Supreme Court held that "article 1, section 2, subdivision (a) only protects against state action." See also *Feminist Women's Health Center v. Blythe*, 32 Cal.App.4th 1641, 1665 (Cal. Ct. App. 1995) ["Free speech provisions of the state [of California]….protect citizens from restrictions imposed by governmental action."].

MOR and Zane are government officials; they sit on the District's Board of Educators. However, the Garniers specifically indicated in their Complaint that they are not suing MOR nor Zane in their official capacities. Instead, the Garniers chose to sue the individual Defendants in their personal capacities. Complaint, ¶ 4. Individuals cannot be sued for a violation of the Federal constitutional right to free speech; only the Federal or State governments may be found in violation of this right. See *Pub. Utilities Comm'n of D.C. v. Pollak* (1952) 343 U.S. 451. Thus, the Garniers cannot sue the individual Defendants for a violation of his free speech. The Court lacks jurisdiction to hear both causes of action against the individual Defendants.

/ / /

/ / /

/ / /

/ / /

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

ARTIANO SHINOFF

# VI.

# ALTERNATIVELY, THE GARNIERS CANNOT AMEND THEIR COMPLAINT TO SUE THE INDIVIDUAL DEFENDANTS IN THEIR OFFICIAL CAPACITIES, BECAUSE THEY ARE IMMUNE FROM SUIT UNDER THE ELEVENTH AMENDMENT OF THE UNITED STATES CONSTITUTION

### A. The Garniers Should Not Be Granted Leave to Amend Their Complaint As It Would Be Futile

Federal Rule of Civil Procedure 15(a)(2) provides that leave to amend shall be freely granted "when justice so requires." Leave to amend need not be granted, however, where the amendment would be futile. *Townsend v. Univ. of Alaska*, 543 F.3d 478, 485 (9th Cir. 2008).

### B. The District is an Agency of the State Entitled to Immunity

The Eleventh Amendment of the United States Constitution prohibits federal courts from hearing suits brought by private citizens against state governments, without the state's consent. *Hans v. Louisiana,* 134 U.S. 1, 15, 10 S.Ct. 504, 507, 33 L.Ed. 842 (1890); See also *Nat. Res. Def. Council v. California Dep't of Transp.*, 96 F.3d 420, 421–22 (9th Cir. 1996)

School districts in California are state agencies for the purposes of Eleventh Amendment immunity and are therefore immune from suit under section 1983. *Belanger v. Madera Unified School Dist.*, 963 F.2d 248 (9th Cir. 1992); *See also Corales v. Bennett*, 567 F.3d. 554, 573 (9th Cir. 2009) ("School districts in California are immune from § 1983 claims by virtue of Eleventh Amendment immunity."). A state's sovereign immunity from suit in federal court extends to suits against its officers in their official capacities, with limited exceptions. *Puerto Rico Aqueduct and Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 142–46 (1993); See, e.g., *Natural Res. Def. Council v. Cal. Dep't of Transp.,* 96 F.3d 420, 421–22 (9th Cir.1996). This is because "a suit against a state official in his or her official capacity is not a suit against

the official but rather is a suit against the official's office...As such it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

All of the Garniers' claims against the individual Defendants are subject to dismissal because of the individual Defendants' immunity under the Eleventh Amendment.

**C.     The California State Legislature Has Not Abrogated the State's Immunity**

Congress may abrogate a state's Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of Constitutional authority. *Kimel v. Florida Board of Regents*, 528 U.S. 62, 73 (2000). Congress has not abrogated the state's immunity for any of the Garniers' state constitutional law claims.

Indeed, all of the Garniers' state constitutional law claims are barred by Eleventh Amendment immunity. *See*, e.g., *Greater Los Angeles Council on Deafness, Inc. v. Zolin*, 812 F.2d 1103, 1114 (9th Cir. 1987), citing *Pennhurst State School Hosp. v. Halderman*, 465 U.S. 89 (1984) (Holding that federal courts lack jurisdiction to enjoin state institutions and state officials on the basis of state law). State law claims in general are barred by Eleventh Amendment immunity. For example, the plaintiff in *Cholla Ready Mix, Inc. v. Civish* brought both state and federal law claims, but all of plaintiff's state law claims were dismissed on Eleventh Amendment grounds:

> . . . all of Cholla's state law claims are barred by the Eleventh Amendment, which precludes the adjudication of pendent state law claims against nonconsenting state defendants in federal courts.

*Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969 (9th Cir. 2004).

Therefore, all of the Garniers' claims against the individual Defendants, including both the federal constitutional and state constitutional claims, are barred due to the individual Defendants' immunity under the Eleventh Amendment.

///

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

## VII.

## CONCLUSION

Based on the foregoing, the individual Defendants respectfully request that this Court dismiss the Garniers' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) based on their immunity under the Eleventh Amendment to the United States Constitution, and pursuant to Federal Rules of Civil Procedure 12(b)(6) based on the bar from suit against Zane and Plaintiff's failure to state valid claims against both individual Defendants.

Dated: January 5, 2018

ARTIANO SHINOFF

By: /s/ Jack M. Sleeth, Jr.
Daniel R. Shinoff
dshinoff@as7law.com
Jack M. Sleeth, Jr.
jsleeth@as7law.com
Michelle M. Pacis
mpacis@as7law.com
Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE

8

17cv02215

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

# PROOF OF SERVICE
## USDC Southern District – Case No. 3:17-CV-02215-W-JLB

I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made. At all times herein mentioned I have been employed in the County of San Diego in the office of a member of the bar of this court at whose direction the service was made. My business address is 2488 Historic Decatur Road, Suite 200, San Diego, California 92106.

On January 5, 2018, I served the following document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT [FED. R. CIV. P. 12(b)(1); FED. R. CIV. P. 12(b)(6)]**

☐ **BY MAIL**: by depositing in the United States Postal Service mail box at 2488 Historic Decatur Road, Suite 200, San Diego, California 92106, a true copy thereof in a sealed envelope with postage thereon fully prepaid and addressed as follows:

☒ **BY ELECTRONIC SERVICE** On the date executed below, I served the document via CM/ECF described above on designated recipients through electronic transmission of said documents, a certified receipt is issued to filing party acknowledging receipt by CM/ECF's system. Once CM/ECF has served all designated recipients, proof of electronic service is returned to the filing party.

**COUNSEL FOR PLAINTIFF**
BRIGGS LAW CORPORATION
Cory J. Briggs, Esq.
99 C Street, Suite 111
Upland, CA 91786
Tel: 909-949-7115
Fax: 909-949-7121
Email: cory@briggslawcorp.com

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on January 5, 2018, at San Diego, California.

LINDA L. MOORE, CCLS

ARTIANO SHINOFF

AS7 Law San Diego/1350/0086/PL/S0375067.DOCX

ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth, Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Michelle M. Pacis, Esq. (SBN 306549)
mpacis@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California  92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE

# UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER,<br><br>Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,<br><br>Defendants. | Case No.: 3:17-CV-02215-W-JLB<br><br>**DEFENDANTS MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S INDEX OF EXHIBIT AND EXHIBIT IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>Judge:   Hon. Thomas J. Whelan<br>Dept.:   3C<br>Date:    February 12, 2018<br>Time:    N/A<br><br>Action Date: October 30, 2017<br>Trial Date:  Not Set |

**TO THE COURT AND ALL PARTIES OF RECORD:**

**PLEASE TAKE NOTICE** that Defendants Michelle O'Connor-Ratcliff and T.J. Zane, hereby attach a true and correct copy of the following exhibit in support of its Motion to Dismiss Plaintiff's Complaint:

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1

17cv02215

## INDEX OF EXHIBIT

| EXHIBIT | DOCUMENT DESCRIPTION | PAGE NOs |
|---|---|---|
| A | DECLARATION OF T.J. ZANE IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT | 1-2 |

Dated: January 5, 2018

ARTIANO SHINOFF

By: _s/Jack M. Sleeth, Jr._
Daniel R. Shinoff
dshinoff@as7law.com
Jack M. Sleeth, Jr.
jsleeth@as7law.com
Michelle M. Pacis
mpacis@as7law.com
Attorneys for Defendants MICHELLE
O'CONNOR-RATCLIFF: T.J. ZANE

2

Case No. 3:17-CV-02215-W-JLB

# EXHIBIT A

# EXHIBIT A

ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth, Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Michelle M. Pacis, Esq. (SBN 306549)
mpacis@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE
O'CONNOR-RATCLIFF; T.J. ZANE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER, <br><br>Plaintiffs, <br><br>v. <br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,, <br><br>Defendants. | Case No.: 3:17-CV-02215-W-JLB <br><br>**DECLARATION OF T.J. ZANE IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT [FED. R. CIV. P. 12(b)(1), FED. R. CIV. P. 12(b)(6)]** <br><br>Date:  February 12, 2018 <br>Time:  N/A <br>Dept.:  3C <br><br>Judge:  Hon. Hon. Thomas J. Whelan <br>Dept.:  3C <br>Magistrate:  Jill L. Burkhardt <br>Dept.:  5th Floor <br><br>Action Date: October 30, 2017 <br>Trial date:  Not Set |

I, T.J. ZANE, declare as follows:

1. I am a member of the Poway Unified School District Board of Education. I am being sued in my individual capacity in this matter. I have personal knowledge of the statements contained within this declaration and can competently testify thereto.

1

DECLARATION OF T.J. ZANE IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. 3:17-CV-02215-W-JLB

2. Christopher Garnier and Kimberly Garnier posted countless comments and links on my and my personal friends' Facebook pages in July of 2015.

3. I blocked Christopher Garnier and Kimberly Garnier from my Facebook page on or around July 20, 2015.

4. Christopher Garnier and Kimberly Garnier filed this lawsuit against me on October 30, 2017.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: January 5, 2018

By: _____
T.J. Zane

2

DECLARATION OF T.J. ZANE IN SUPPORT OF THE INDIVIDUAL DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Case No. 3:17-CV-02215-W-JLB