BRIGGS LAW CORPORATION [FILE: 1891.03]
Cory J. Briggs (State Bar no. 176284)
cory@briggslawcorp.com
99 East "C" Street, Suite 111
Upland, CA 91786
Telephone: 909-949-7115

Attorneys for Plaintiffs Christopher Garnier
   and Kimberly Garnier

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER,<br><br>Plaintiffs,<br><br>vs.<br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE; and DOES 1 through 100,<br><br>Defendants. | CASE NO. 3:17-CV-2215-W-JLB<br><br>**PLAINTIFF CHRISTOPHER GARNIER'S DECLARATION IN OPPOSITION TO DEFENDANTS O'CONNOR-RATCLIFF AND ZANE'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION AND FOR FAILURE TO STATE A CLAIM**<br><br>Action Filed:   October 30, 2017<br>Courtroom:   Schwartz 3C (Whelan)<br><br>Hearing Date:   February 12, 2018<br>Hearing Time:   N/A |

I, Christopher Garnier, am over the age of 18 and if called as a witness in this lawsuit will testify as follows:

1. My wife, Kimberly Garnier, and I have lived within the geographic boundaries of the Poway Unified School District ("PUSD") for several years. T.J. Zane and Michelle Ratcliff-O'Connor are elected members of PUSD's governing board. My wife and I have been vocal critics of Zane and Ratcliff-O'Connor because we believe that at time they run PUSD in a manner that benefits themselves personally instead of putting the needs and interests of students, teachers, and taxpayers first and foremost.

Our criticism has been made publicly at meetings of PUSD's governing board, to the press, and within our community generally.

2. In mid-2016, around June or July, I visited Zane's Facebook page because I was looking for information on some current PUSD events. A few weeks later, I attempted to post a comment in response to one of his posts. However, none of the fields normally available to me when I'm interested in posting on a public official's or agency's Facebook page was visible to me on Zane's Facebook page. I reviewed Facebook's "help" section and searched the internet for tips on fixing what I then believed was a technical problem with how my Facebook account or computer was configured. During this process, I came across some articles on the internet explaining that public officials who were trying to avoid criticism from vocal members of the public were "blocking" those critics in the officials' social-media accounts. As I read the stories, in my mind the problems faced by "blocked" critics appeared similar to mine. That is when the proverbial lightbulb when on and I first realized that Zane was blocking me on his Facebook account even though I have heard him urge members of the public to visit that page for "official information about the District that I [*i.e.*, Zane] post there to keep my constituents informed and to get their feedback."

3. Prior to learning in mid-2016 that I had been blocked on Zane's Facebook page, I had no idea that I was blocked. Neither Zane nor anybody else had told me that I had been blocked from his Facebook page, and I had not tried to post to his Facebook page since at least early July 2015 (prior to the 20th). If he did in fact block me in July 20, 2015, I did not have any reason to know about it because I had not attempted to post anything until mid-2016. Thus, I did not have any knowledge or even the slightest suspicion that Zane had been blocking me on his Facebook page since July 20, 2015.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: January 29, 2018.   _____