# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPER GARNIER, et al.,<br><br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT, et al.,<br><br>　　　　　　　　Defendants. | Case No.: 17-cv-2215-W (JLB)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS [DOC. 7] AND MOTION FOR SANCTIONS** |

Pending before the Court is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), and a motion for sanction under Rule 11 filed by Defendants Michelle O'Connor-Ratcliff, and T.J. Zane. Plaintiffs Christopher Garnier and Kimberly Garnier oppose both motions.

The Court decides the matters on the papers submitted and without oral argument. See Civ. L.R. 7.1(d.1). For the reasons that follow, the Court **DENIES** Defendants' motions [Docs. 7, 12].

1

## I. BACKGROUND

Defendants Michelle O'Connor-Ratcliff, and T.J. Zane are members of the Poway Unified School District's ("PUSD") governing board. (*Compl.* [Doc. 1] ¶ 4.) Plaintiffs allege that both Defendants use their Facebook accounts, and O'Connor-Ratcliff also uses her Twitter account, to disseminate information in their official capacities about PUSD matters and to allow members of the public to post comments. (*Id.* ¶ 10.)

After Plaintiff Christopher Garnier posted comments criticizing Defendants concerning PUSD matters, he was blocked by Defendants from posting further comments on their Facebook accounts, and from O'Connor-Ratcliff's Twitter account. (*Compl.* ¶ 10.) Similarly, Plaintiff Kimberly Garnier was blocked from posting comments on O'Connor-Ratcliff's Facebook account after she posted comments criticizing O'Connor-Ratcliff. (*Id.*)

On October 30, 2017, Plaintiffs filed this lawsuit against Defendants in their individual capacities, alleging they violated Plaintiffs' federal and state constitutional rights by blocking them from exercising their free-speech and/or government-petitioning rights in a public forum. (*Compl.* ¶ 10.) Defendants now seek to dismiss the lawsuit arguing that Plaintiffs' claims are (1) time barred, and (2) the Court lacks jurisdiction because Defendants cannot be sued in their individual capacities for violating Plaintiffs' free-speech/petitioning rights. Defendants also seek sanctions against Plaintiffs' counsel.

## II. MOTION TO DISMISS

### A. Standard

#### 1. Motion to Dismiss Under Rule 12(b)(1)

Rule 12(b)(1) provides a procedural mechanism for a defendant to challenge subject-matter jurisdiction. "A jurisdictional challenge under Rule 12(b)(1) may be made either on the face of the pleadings or by presenting extrinsic evidence. Where jurisdiction is intertwined with the merits, we must assume the truth of the allegations in a complaint unless controverted by undisputed facts in the record." Warren v. Fox Family

2

Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) (internal quotation marks, brackets, ellipsis and citations omitted).

A facial attack challenges the complaint on its face. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). But when the moving party raises a factual challenge to jurisdiction, the court may look beyond the complaint and consider extrinsic evidence, and "need not presume the truthfulness of the plaintiff's allegations." See id. Once the defendant has presented a factual challenge under Rule 12(b)(1), the burden of proof shifts to the plaintiff to "furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." Id.

### 2. Motion to Dismiss Under Rule 12(b)(6)

The Court must dismiss a cause of action for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the complaint. See Parks Sch. of Bus., Inc. v. Symington, 51 F.3d 1480, 1484 (9th Cir. 1995). A complaint may be dismissed as a matter of law either for lack of a cognizable legal theory or for insufficient facts under a cognizable theory. Balisteri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1990). In ruling on the motion, a court must "accept all material allegations of fact as true and construe the complaint in a light most favorable to the non-moving party." Vasquez v. L.A. Cnty., 487 F.3d 1246, 1249 (9th Cir. 2007).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this rule to mean that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 554, 555 (2007). The allegations in the complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).

3

Well-pled allegations in the complaint are assumed true, but a court is not required to accept legal conclusions couched as facts, unwarranted deductions, or unreasonable inferences. See Papasan v. Allain, 478 U.S. 265, 286 (1986); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

### B. Discussion

#### 1. Statute of Limitations.

Defendant Zane argues Plaintiffs claims are barred by the 2-year statute of limitations. Plaintiffs filed this lawsuit on October 20, 2017. (*See Compl.*) According to Zane, he blocked Plaintiffs from posting on his Facebook page on approximately July 20, 2015 and, therefore, the statute of limitations ran on July 20, 2017—two months before this lawsuit was filed. (*P&A* [Doc. 7-1] 4:18–20.) There are two problems with this argument.

First, Zane's argument relies on facts not found in the Complaint or subject to judicial notice. (*P&A* 4:18–19, citing Ex. A (Zane Decl.).) In deciding a motion to dismiss, the Court is confined to facts alleged in the complaint and those subject to judicial notice. See Lee v. City of Los Angeles, 250 F.3d 668, 688–690 (9th Cir. 2001) (explaining that with the exception of matters of public record subject to judicial notice, generally "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion."), *overruled on other grounds as stated in* Galbraith v. Cty. of Santa Clara, 307 F.3d 1119, 1125–26 (9th Cir. 2002). Because Zane's argument is based on facts not found in the Complaint, Zane's request to dismiss on this ground must be denied.

Second, as Plaintiffs point out, under the "discovery rule," the statute of limitations does not run until Plaintiffs learned that Zane had blocked them from his account. See O'Connor v. Boeing North American, Inc., 311 F.3d 1139, 1147-1149 (9th Cir. 2002). Aside from not alleging when Plaintiffs were blocked from Zane's Facebook account, the

4

Complaint also does not allege when Plaintiffs learned they were blocked. For these reasons, Plaintiffs' claims are not time barred.

### 2. Lack of Jurisdiction.

Defendants next argue that the court lacks jurisdiction. According to the motion to dismiss, although Defendants are government officials, Plaintiffs "are not suing [Defendants] in their official capacities," but instead are suing them "in their personal capacities." (*P&A* 5:16–20.) Because "only the Federal or State governments may" violate the right to free speech, Defendants argue the Plaintiffs cannot sue them in their individual capacities. (*Id.* 5:19–24.) Plaintiffs respond that Defendants' argument is contrary to the Supreme Court's holding in Hafer v. Melo, 502 U.S. 21 (1991). (*Opp'n* [Doc. 10] 5:9–10.) Plaintiffs are correct.

In Hafer, the Supreme Court explained that "[p]ersonal-capacity suits… seek to impose individual liability upon a government officer for actions taken under color of state law. Thus, '[o]n the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right.'" Id. 502 U.S. at 25 (citation omitted). Under Hafer, government officials, such as Defendants, may be sued in their individual capacities for acting under color of state law.

In their Reply, Defendants appear to recognize that their original argument lacks merit because they raise a new theory. Defendants now contend that Plaintiffs have "conflate[d] the elements they are required to show in bringing a Section 1983 claim" and the Complaint fails to "assert that the individual Defendants acted in concert with the State or that the individual Defendants acted under color of state law." (*Reply* [Doc. 11] 2:21–23.) This argument is not in Defendants' original motion. For this reason alone, this Court is inclined not to consider the new argument. See Pierce v. County of Marin, 291 F.Supp.3d 982, 991 n. 6 (N.D. Cal. 2018) (refusing to consider any new arguments raised in defendants' reply). However, in their motion for sanctions, Defendants argue

5

that Plaintiffs fail to allege action under color of law. (*Mt. for Sanctions* [Doc. 12-1] 8:9–9:15.) For this reason, the Court will consider the issue in the context of the motion to dismiss.

In opposing Defendants' motion for sanctions, Plaintiffs contend <u>Davison v. Loudoun County Board of Supervisors</u>, 267 F.Supp.3d 702 (E.D. VA 2017), supports a finding that the Complaint adequately alleges action under color of law. In <u>Davison</u>, 267 F.Supp.3d 702 (E.D. VA 2017), a county resident sued the Chairperson of the County Board of Supervisors under section 1983 for blocking the resident from the Chairperson's personal Facebook page. The district court was, therefore, asked to decide whether the Chairperson was acting under color of state law.

In evaluating the issue, the district court relied on a Fourth Circuit case, <u>Rossignol v. Voorhaar</u>, 316 F.3d 516 (4th Cir. 2003), in which a group of off-duty officers purchased, on election day, all issues of a local newspaper that regularly criticized the sheriff department's leadership. The paper sued on first amendment grounds, and the district court held that because the officers were off duty and not acting pursuant to their official duties, they were not acting under color of state law. The Fourth Circuit reversed and held the "requisite nexus" existed between the officers' conduct and their public office so as to be fairly attributable to the government.

Citing <u>Rossignol</u>, the district court in <u>Davison</u> found that although the Chairperson's Facebook page was private, her actions in blocking the resident from posting comments arose out of public, not personal, circumstances and thus constituted conduct under color of state law. Significant to <u>Davison</u>'s finding was that the Chairperson created the page in collaboration with her Chief of Staff the day before taking office, and she did so for the purpose of addressing her new constituents. <u>Davison</u>, 267 F.Supp.3d at 713. The Chairperson also asked constituents to visit her Facebook page and, after taking office, used the page as a "tool for governance" by holding "back and forth constituent conversations" and coordinating disaster relief efforts after a storm. <u>Id.</u>

6

Although Davison is not a Ninth Circuit case, it is clearly analogous to this case. Moreover, in their Reply, Defendants failed to identify any authority within this circuit that contradicts Davison or is more analogous to the facts in this case. Accordingly, this Court is persuaded by Davison's reasoning and agrees with Plaintiffs that the case supports a finding that Defendants were acting under color of state law.

To begin with, the Complaint alleges that the "two [PUSD] board members sued in this lawsuit all maintain Facebook and other social-media websites in order to communicate with the public about official PUSD matters." (*Compl.* ¶ 2.) Plaintiffs also allege that Zane's Facebook website "has been described as 'the official page for T.J. Zane, [PUSD] Board Member, to promote public and political information.'" (*Id.* ¶ 10.) "MOR's Facebook website has include[s] a 'Political Info' section and list[s] her 'Current Office' as 'Board of Education, President, Poway Unified School District'; the website also identifies her as a 'Government Official.'" (*Id.*) Additionally, the copy of Zane's Facebook page that is attached to the Complaint shows a picture of the "Poway Unified School District" sign, further suggesting a close connection between Zane's personal account and his position as a board member, and his "story" states:

> My interests include: being accessible and accountable; retaining quality teachers; increasing transparency in decision making; preserving local standards for education; and ensuring our children's campus safety.

(*Id.* Ex. B.)

Based on these allegations, and at this stage in the litigation, it is reasonable to infer that Defendants, like the Chairperson in Davison, used their private social media accounts as a tool for governance. Accordingly, the Court finds the Complaint adequately alleges Defendants acted under color of law when they blocked Plaintiffs from posting messages on their Facebook and Twitter accounts.

//
//
//

7

### III. MOTION FOR SANCTIONS

Defendants also request an award of sanctions against Plaintiffs' attorney. Under Federal Rule of Procedure 11(b)(1), a court may sanction an attorney for filing a pleading for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." In addition, Rule 11 sanctions may be awarded if an attorney presents a "frivolous" paper. See Townsend v. Holman Consulting Corp., 929 F.2d 1358, 1362 (9th Cir. 1990). "Where… [the frivolousness of the] complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually "baseless" from an objective perspective, and (2) if the attorney has conducted "a reasonable and competent inquiry" before signing and filing it. Christian v. Mattel, Inc., 286 F.3d 1118, 1127 (9th Cir. 2002) (citing Buster v. Greisen, 104 F.3d 1186, 1190 (9th Cir.1997)).

For the reasons discussed above, the Court finds the Complaint is neither legally nor factually baseless from an objective perspective. Accordingly, Defendants are not entitled to an award of sanctions under Rule 11.

### IV. SUMMARY & CONCLUSION

For the foregoing reasons, the Court **DENIES** Defendants' motion to dismiss [Doc. 7] and motion for sanctions [Doc. 12].

**IT IS SO ORDERED**.

Dated: May 24, 2018

_____
Hon. Thomas J. Whelan
United States District Judge