ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth, Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Michelle M. Pacis, Esq. (SBN 306549)
mpacis@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER,<br><br>Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,<br><br>Defendants. | Case No.: 3:17-CV-02215-W-JLB<br><br>**DECLARATION OF T.J. ZANE IN SUPPORT OF MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S MOTION FOR SUMMARY JUDGMENT**<br>[Fed. Rule Civ. Proc., Rule 56]<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1.d.1.**<br><br>Judge: Hon. Thomas J. Whelan<br>Dept.: 3C<br>Date: March 5, 2018<br>Time: N/A<br><br>Action Date: October 30, 2017<br>Trial date: Not Set |

I, T.J. Zane, declare as follows:

1. I am currently on the Board of Education at Poway Unified School District. I have personal knowledge of the statements contained within this declaration and can competently testify thereto.

2. I have been a Poway Unified School District Board member since 2014. When I decided to run for the Board in August 2014, I created a Facebook page ("campaign page") to help promote my campaign and political activities.

3. I have never posted the District's Social Media Policy on my Facebook

1

page. I have also never been bound by or purported to act pursuant to that policy.

4. After I was elected to the Board, I continued to use my campaign page to portray myself in the most positive light possible and to further my campaign efforts for the next election cycle. I used my campaign page solely to post information for others to see. I have not used my campaign page to invite or solicit feedback on the page itself.

5. The Garniers began posting repetitive and unrelated comments to my posts on my campaign page in or around 2015. The Garniers posted comments such as a Youtube link to a video about their family. The nature of the Garniers' comments caused my original posts to be buried under the Garniers' posts.

6. The Garniers also posted the same repetitive and unrelated comments on my friends' personal and business Facebook pages.

7. Because the Garniers' comments effectively muted my original posts, I began deleting all of the Garniers' comments from my posts on my campaign Facebook page.

8. Eventually, I blocked the Garniers from posting comments on my personal Facebook page to ensure they would not make similar, repetitive posts there as well.

9. Unlike my personal page, I was unable to "block" the Garniers from my campaign page; therefore, instead of blocking the Garniers specifically, I disabled the ability for any Facebook user to create original posts on my campaign page.

10. Since I created my campaign page I and my campaign webmaster have been the only persons capable of or responsible for controlling and maintaining my campaign page. My campaign webmaster is not affiliated with the District at all. I do not need the District's approval to create, change and/or maintain my campaign page.

11. No employee of the District, other than myself, has had any control or access to my campaign page. Moreover, the District has never spent any money to maintain my campaign page.

///

2

17cv02215

12. When I blocked the Garniers from my personal Facebook page, and deleted repetitive, non-school board related posts from my campaign page, I did not believe it was unlawful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 2/8/2019

By: _____
T.J. Zane

ARTIANO SHINOFF

AS7 Law San Diego/001350/000086/PL/S0425578.DOCX