ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth, Jr., Esq. (SBN 108638)
jsleeth@as7law.com
Michelle M. Pacis, Esq. (SBN 306549)
mpacis@as7law.com
2488 Historic Decatur Road, Suite 200
San Diego, California 92106
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE
O'CONNOR-RATCLIFF; T.J. ZANE

# UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER GARNIER; and KIMBERLY GARNIER,<br><br>Plaintiffs,<br><br>v.<br><br>POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,<br><br>Defendants. | Case No.: 3:17-CV-02215-W-JLB<br><br>**DECLARATION OF MICHELLE O'CONNOR-RATCLIFF IN SUPPORT OF MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S MOTION FOR SUMMARY JUDGMENT**<br>[Fed. Rule Civ. Proc,, Rule 56]<br><br>**NO ORAL ARGUMENT PURSUANT TO LOCAL RULE 7.1.d.1.**<br><br>Judge:      Hon. Thomas J. Whelan<br>Dept.:       3C<br>Date:        March 5, 2018<br>Time:       N/A<br><br>Action Date: October 30, 2017<br>Trial date:    Not Set |

I, Michelle O'Connor-Ratcliff, declare as follows:

1.    I am currently on the Board of Education at Poway Unified School District. I have personal knowledge of the statements contained within this declaration and can competently testify thereto.

2.    I have been a Poway Unified School District Board member since 2014. When I decided to run for the Board in or around March 2014, I created a Facebook page, followed by a Twitter page in May 2016 ("campaign pages") to help promote my

1

17cv02215

campaign and political activities.

3. I have never posted the District's Social Media Policy on my campaign pages. I have also never been bound by or purported to act pursuant to that policy.

4. After I was elected to the Board, I continued to use my campaign pages to portray myself in the most positive light possible and to further my campaign efforts for the next election cycle.

5. The Garniers began posting repetitive and unrelated comments to my posts on my Facebook campaign page in or around March 2015 and my Twitter campaign page in or around June 2016. In fact, Mr. Garnier posted the same 10-paragraph comment to my Facebook campaign page on 44 different occasions. The Garniers posted comments such as a Youtube link to a video about their family. The repetitive nature and volume of the Garniers' comments caused my original posts to be buried under the Garniers' posts.

6. Because the Garniers' comments effectively muted my original posts, I blocked the Garniers from posting on my Facebook campaign page in or around July 2016, and I blocked Mr. Garnier from my Twitter campaign page soon thereafter.

7. At the time I created my campaign pages I was, and I still currently am, the only person in charge of controlling and maintaining my campaign pages. I do not need the District's approval to create, change and/or maintain my campaign pages.

8. No employee of the District, other than myself, has had any control or access to my campaign pages. Moreover, the District has never spent any money to maintain my campaign pages.

///
///
///
///
///
///

2

9. When I blocked the Garniers from my campaign pages, I did not believe it was unlawful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: Feb. 6, 2019

By: *Michelle E. O'Connor-R*
Michelle O'Connor-Ratcliff

AS7 Law San Diego/001350/000086/PL/S0425397.DOCX