ARTIANO SHINOFF
Daniel R. Shinoff, Esq. (SBN 99129)
dshinoff@as7law.com
Jack M. Sleeth Jr., Esq. (SBN 108638)
jsleeth@as7law.com
3636 Fourth Avenue, Suite 200
San Diego, California 92103
Telephone: 619-232-3122
Facsimile: 619-232-3264

Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

CHRISTOPHER GARNIER; and KIMBERLY GARNIER,

Plaintiffs,

v.

POWAY UNIFIED SCHOOL DISTRICT; MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE and DOES 1 through 1000,

Defendants.

Case No.: 3:17-CV-02215-DMS-JLB

**DEFENDANTS MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S OPPOSITITION TO PLAITNIFFS' MOTIONF FOR AWARD OF ATTORNEY FEES**

Hearing Date: November 28, 2022
Hearing Time: 10:30 a.m.

Action Filed: October 30, 2017
Trial Date: July 6, 2020

///

///

///

///

///

///

///

///

///

///

///

ARTIANO SHINOFF

TABLE OF CONTENTS

PAGE

I. INTRODUCTION ....... 2

II. RELEVANT FACTS ....... 2

III. ARGUMENT AND ANALYSIS ....... 3

A. Defendants are Immune from Attorneys' Fees ....... 3

B. 1983 and 1988 Fees Are Only Awarded When Equitable ....... 5

C. Plaintiff's Request for Enhancement is Unreasonable ....... 9

1. There Has Been No Exceptional Delay To Warrant Enhancement ....... 10

2. The Claims Is Not Novel or Difficult; Skills Displayed in Presenting Plaintiff's Case ....... 10

3. Preclusion of Other Employment ....... 11

4. Contingent Nature of The Fee Award ....... 11

D. The District Was Dismissed Under the 11th Amendment ....... 11

IV. CONCLUSION ....... 12

# TABLES OF AUTHORITIES

PAGE

CASES

*Ballen v. City of Redmond*, 466 F.3d 736 .......... 6

*C.F. ex rel. Farnan v. Capistrano Unified School Dist.* (9th Cir. 2011) 654 F.3d 975 .......... 3

*C.F. v. Capistrano Unified School Dist.* (C.D. Cal. 2009) 656 F.Supp.2d 1190 .......... 3

*Carter v. Caleb Brett LLC* (9th Cir. 2014) 757 F.3d 866 .......... 9

*Chalmers v. City of Los Angeles*, 796 F.2d 1205 .......... 9

*D'Aguanno v. Gallagher* (11th Cir. 1995) 50 F.3d 877 .......... 4

*Downey Cares v. Downey Community Develop. Commission* (1987) 196 Cal.App.3d 983 .......... 10

*Farrar*, 506 U.S. at 114, 113 S.Ct. 566 .......... 6

*Gates v. Deukmejian*, 98 F.2d 1392 (9th Cir. 1992) .......... 6

*Gonzalez v. City of Maywood*, 729 F.3d 1196 .......... 6

*Hensley*, 461 U.S. at 433, 103 S.Ct. 1933 .......... 6, 7

*In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291 .......... 5

*Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178 .......... 5

*Kearney v. Foley & Lardner*, supra, 553 F. Supp. 2d at 1185 .......... 6

*Ketchum v. Moses*, 24 Cal.4th 1122 .......... 6, 10

///

///



ARTIANO SHINOFF

TABLES OF AUTHORITIES CONTINUED

PAGE

CASES

*Mahach-Watkins v. Depee* (9th Cir. 2010)
593 F.3d 1054 .......... 7

*Moreno v. City of Sacramento*,
534 F.3d 1106 .......... 6

*Muscare v. Ouinn*. C.A.7 (Ill.)
1980, 614 F.2d 577 .......... 6

*Perdue v. Kenny*,
599 U.S. 542 .......... 5

*Serrano v. Priest*,
20 Cal.3d 25 (1977) .......... 6, 11

STATUTES

42 U.S.C.
§ 1988 .......... 5
§ 1988(b) .......... 6

ARTIANO SHINOFF



{AS7 Law San Diego/001350/000086/PL/S0541945.DOCX}

Defendants T.J. ZANE and MICHELLE O'CONNOR-RATCLIFF respectfully submit this opposition to Plaintiff's motion for an award of attorney fees.

## I. INTRODUCTION

The Court granted qualified immunity to these two individual Defendants, but Plaintiffs seek costs and attorney fees against these individuals sued in their individual capacity. Case law makes clear that a determination of qualified immunity eliminates an award of costs or fees. In an injunction case like this, qualified immunity would be meaningless if it did not bar attorney fees. Additionally, the attorneys' fees sought are inequitable, and unreasonable. The Court found that the Plaintiffs' harassing posts justified the blocking on their media sites, but Plaintiffs only won any part of the case because the sites continued to be blocked for too long a time.

## II. RELEVANT FACTS

Plaintiffs are husband and wife who originally sued the Poway Unified School District and two elected board members, alleging the board members blocked the Plaintiffs from access to their social media campaign pages in violation of the First Amendment. Defendants asserted the Eleventh Amendment defense, so Plaintiffs dismissed the School District and sued the individual board members personally in their individual capacity.

Defendants filed a Motion for Summary Judgment, contending the Plaintiffs did not have standing, that the social media sites were political campaign sites not official government sites, that the Plaintiffs were blocked because they were harassing the Defendants by inundating the sites with messages, not because of the content of the messages, and that the individual Defendants were entitled to qualified immunity. The Court granted the motion in part, ruling in favor of the Defendants on the issue of qualified immunity in September 2019. (Order, ECF No. 42, 24.)

At the beginning of trial, the Court informed the Parties that it would adopt the ruling on the motion for summary judgment. The Court formalized this ruling and found that Defendants are entitled to qualified immunity for Plaintiffs' damages claims.



ARTIANO SHINOFF

(Findings of Facts and Conclusions of Law, ECF No. 89, 3.) A one-day bench trial occurred on September 21, 2020. The Court found the blocking was justified by Plaintiffs harassing conduct, but continued too long, and ordered Defendants to unblock Plaintiffs from their social media. Plaintiffs now seek to recover attorneys' fees in the amount of $391,903.25, plus an upward adjustment by a multiplier of 1.5.

## III. ARGUMENT AND ANALYSIS

### A. Defendants are Immune from Attorneys' Fees

Defendants T.J. Zane and Michelle O'Connor-Ratcliff are sued in their individual capacity. Judge Thomas J. Whelan issued an order granting Defendants' motion for summary judgment, ruling that damages were barred by qualified immunity. (Order, ECF No. 42, 24.) Because the Court ruled they are entitled to qualified immunity, they are immune from Plaintiffs' motion for attorneys' fees. as the Court has ruled that Defendants were entitled to qualified immunity.

Qualified immunity bars all damages, including attorney fees and costs. *C.F. v. Capistrano Unified School Dist.* (C.D. Cal. 2009) 656 F.Supp.2d 1190, 1199, aff'd sub nom. *C.F. ex rel. Farnan v. Capistrano Unified School Dist.* (9th Cir. 2011) 654 F.3d 975. In that case, the court analyzed a similar issue and held that "the qualified immunity defense also bars claims for costs and attorneys' fees." *Ibid*.

In that matter, the Court granted part of the Defendants' Motion for Summary Judgment, ruling the Defendants were entitled to qualified immunity. Plaintiffs then sought attorney fees after they were granted an injunction. The Court held that qualified immunity protects defendants from liability for attorney fees as well as claims for costs. The Ninth Circuit approved the analysis. "Although Farnan sought only nominal damages, the attorney's fees and costs for which Corbett could be liable absent the protection of qualified immunity undoubtedly would be considerable after more than three years of litigation." *C.F. ex rel. Farnan v. Capistrano Unified School Dist.* (9th Cir. 2011) 654 F.3d 975, 984.

///



ARTIANO SHINOFF

The trial court in *C.F. v. Capistrano Unified School Dist.* relied on a similar case, out of the Eleventh Circuit, which also held that costs, expenses and attorneys' fees are barred by qualified immunity.

> A question has been presented in this appeal about whether the monetary damages which the defense of qualified immunity bars include plaintiffs' claims for costs, expenses of litigation, and attorneys' fees.7 The answer is "yes." We hold that, for qualified immunity purposes, the term "damages" includes costs, expenses of litigation, and attorneys' fees claimed by a plaintiff against a defendant in the defendant's personal or individual capacity.

*D'Aguanno v. Gallagher* (11th Cir. 1995) 50 F.3d 877, 881.

The court reached that conclusion based in part on an analysis of the purpose of qualified immunity.

> The policy that supports qualified immunity—especially removing for most public officials the fear of personal monetary liability — would be undercut greatly if government officers could be held liable in their personal capacity for a plaintiff's costs, litigation expenses, and attorneys' fees in cases where the applicable law was so unsettled that defendants, in their personal capacity, were protected from liability for other civil damages.

*D'Aguanno v. Gallagher*, supra, at 881.

The *D'Aguanno* Court also relied on legislative history and policy to reach its conclusion:

> Because section 1988, especially when read in the light of its legislative history, requires no award of costs, litigation expenses, or attorneys' fees from defendants in their personal capacity[8] and because the policy underlying qualified immunity would in no way be advanced by the award of such costs and fees against defendants in their personal capacity, we hold that such awards, even in actions for injunctive and declaratory relief, are barred when the defendant's conduct meets the objective good faith standard encompassed by the qualified immunity doctrine.

*Ibid.*

Because this Court held that Defendants Zane and O'Connor-Ratcliff are entitled to the defense of qualified immunity for damages, it follows that, under the controlling



ARTIANO SHINOFF

case law, Plaintiffs' are not entitled to recover any damages, which includes costs, expenses of litigation, and attorneys' fees claimed by Plaintiffs.

**B. <u>1983 and 1988 Fees Are Only Awarded When Equitable</u>**

If the Court determines the 9th circuit authority set out above is somehow invalid and considers the motion for attorneys' fees on its merits, the Court should still deny the motion. Much of the work in the case was done after the Court determined the individual Defendants were entitled to qualified immunity. That occurred in September 2019. The case did not settle after that ruling. Plaintiffs continued to press the case, even though the case law indicated that no damages or fees were available because of the award of qualified immunity.

Plaintiffs begin with the erroneous presumption that attorneys' fees should be awarded in this case and that the Court's discretion to deny fees is narrow. They argue that Plaintiff is entitled to a full award of their reasonable attorneys' fees and costs incurred in their work on this matter and rely on 42 U.S.C. § 1988 ("Section 1988") to support this assertion. Section 1988 aims to enforce certain civil rights statutes, but does not seek "to provide 'a form of economic relief to improve the financial lot of attorneys.'" *Perdue v. Kenny*, 599 U.S. 542, 552 (2010). It provides that it is within the court's "discretion" to award attorneys' fees. 42 U.S.C. § 1988. Nowhere does Section 1988 mandate an award of attorneys' fees.

Reasonableness cannot be assumed. "'The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel and the amount of time involved. [Citation.]'" *Kearney v. Foley & Lardner*, 553 F. Supp. 2d 1178, 1184-85 (S.D. Cal. 2008).

The Court must have "substantial evidence" to support the fee award. *Id*. The party requesting attorneys' fees necessarily bears the burden of persuasion on the elements of that claim. *Id*., citing, *In re Wash. Pub. Power Supply Sys. Sec. Litig*., 19 F.3d 1291, 1305–06 (9th Cir. 1994). An attorney fee award should be reduced if claimed

hours are "excessive, redundant, or otherwise unnecessary," *Kearney v. Foley & Lardner*, supra, citing, *Hensley v. Eckerhart*, 461 U.S. 424, 434, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983). Reasonableness depends in part on "the success of the attorney's efforts." *Kearney v. Foley & Lardner*, supra, 553 F. Supp. 2d at 1185.

Assessing attorney's fees begins with "careful compilation of the time spent and reasonable hourly compensation of each attorney ... involved in the presentation of the case." *Ketchum v. Moses*, 24 Cal.4th 1122, 1131-32 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25 (1977). The California Supreme Court warned that "trial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum v. Moses*, supra, 24 Cal.4th at 1132 (emphasis added); see also, *Gates v. Deukmejian*, 98 F.2d 1392, 1397 (9th Cir. 1992).

Plaintiffs seek $391,903.25 in fees in their motion, an amount that is not appropriate or equitable. 42 U.S.C. § 1988(b) provides that the "prevailing party" in a § 1983 suit may be entitled to "a reasonable attorney's fee" in the court's "discretion." Determination of reasonable attorney fees under this section is to be left to sound discretion of trial court. *Muscare v. Quinn*, C.A.7 (Ill.) 1980, 614 F.2d 577.

Once a party is found eligible for fees, the district court must then determine what fees are reasonable. *Hensley*, 461 U.S. at 433, 103 S.Ct. 1933. District courts generally start by applying the "lodestar method," i.e., multiplying "the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1202 (9th Cir.2013) (quoting *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir.2006)). The district court "may then adjust [the lodestar] upward or downward based on" twelve factors identified in Hensley. Id. (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir.2008)); see Hensley, 461 U.S. at 430 n. 3, 103 S.Ct. 1933.5

Because " 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained,' " 699 *Farrar*, 506 U.S. at 114, 113 S.Ct. 566

ARTIANO SHINOFF

(quoting *Hensley*, 461 U.S. at 436, 103 S.Ct. 1933), the Supreme Court has created a narrow exception to the standard *Hensley* procedure: When a plaintiff "seeks compensatory damages but receives no more than nominal damages," "the court may lawfully award low fees or no fees without reciting the 12 [*Hensley*] factors bearing on reasonableness" or calculating the lodestar. *Id*. at 115, 113 S.Ct. 566. The Court declined to award Farrar fees because he won only a $1 nominal victory despite having sought $17 million in compensatory damages. *Id*. at 114, 113 S.Ct. 566.

The *Mahach* Court held that in cases, "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Mahach-Watkins v. Depee* (9th Cir. 2010) 593 F.3d 1054, 1059 quoting *Farrar*, 506 U.S. at 115, 113 S.Ct. 566.

Plaintiffs originally sought compensatory damages in this case but instead only received injunctive relief. Even that injunctive relief was of minimal benefit to Plaintiffs because other changes in the social media sites, such as the option for word filters and minimized the impact of unblocking the sites.

When a plaintiff "seeks compensatory damages but receives no more than nominal damages," "the court may lawfully award low fees or no fees without reciting the 12 [*Hensley*] factors bearing on reasonableness" or calculating the lodestar. *Id*. at 115, 113 S.Ct. 566. When Plaintiff filed suit, they sought general, special, incidental, nominal damages, and punitive damages. (ECF No. 1, pg. 5.) Plaintiff did not recover any of these damages that they originally sought as the Court formalized the ruling that Defendants were entitled to qualified immunity from damages. Here the award of attorney fees is not appropriate as Plaintiffs obtained only injunctive relief and none of the compensatory damages they originally sought. The Court has the discretion to deny this request for attorneys' fees on this separate basis.

Additionally, an award of attorneys' fees would be unjust given the full context of the Court's Findings of Fact and Conclusions of Law. The Court analyzed the facts and timeline of Defendants' blocking of Plaintiffs: "the evidence shows that

Defendants' blocked Plaintiffs due to the repetitive manner of their posts, vice the negative content of those posts. Accordingly, the Court concluded Defendants' blocking was content-neutral." (ECF No. 89, Findings of Fact and Conclusions of Law, 25.) The Court concluded that "Defendants' blocking was initially narrowly tailored." ECF No. 89, Findings of Fact and Conclusions of Law, 26.) "In other words, at the time Defendants' blocked Plaintiffs, Plaintiffs' repetitive comments on Defendants' Facebook posts were narrowly-tailored grounds for ejection from the forum. (ECF No. 89, Findings of Fact and Conclusions of Law, 27-28.)"

"On Twitter, the reasonableness of O'Connor-Ratcliff's initial decision to block Christopher Garnier is even more apparent. The testimony received shows that Christopher Garnier "tweeted" at O'Connor-Ratcliff 226 times in less than ten minutes. (Trial Tr., ECF No. 80, 180:16.) While the Court concurs with Christopher Garnier that it "is a beautiful thing [to be] able to engage [] elected officials' social media pages," *id*. at 76:19-20, this repetitive posting if far from "the banter" he asserts it is, *id.* at 76:24. Instead, O'Connor-Ratcliff's blocking of Christopher Garnier was narrowly tailored because it constituted a very limited blocking induced only by an excessive "Tweet storm." While this conclusion differs from other social media cases, it does so because those cases did not address repetitive posts. Alternatively, applying *White*'s "actual disruption" standard, Christopher Garnier's tweets once again crossed the line into "unduly repetitious or largely irrelevant." 900 F.2d at 1426. Accordingly, the Court finds O'Connor-Ratcliff initially ejecting Christopher Garnier from her Twitter forum for narrowly tailored reasons." (ECF No. 89, p. 28.) Plaintiffs' repeated spamming of Defendants caused them to be blocked.

The Court then reasoned that Defendants' blocking "which has gone on for more than three years…has run its course - for now." (ECF No. 89, p. 28:17, 20-21.) Only the length of litigation, which Plaintiffs helped to prolong, resulted in the blocking failing to be narrowly tailored. It would be inequitable to award attorneys' fees in a matter such as this when the Court even found the blocking of Plaintiffs was narrowly



ARTIANO SHINOFF

tailored when originally done. Only the length of time of the blocking, which was prolonged both due to a pandemic as well as the recusal of Judge Whelan due to Plaintiff's actions, caused the Court to conclude that the blocking was no longer narrowly tailored. Additionally, since much of the work was done after the qualified immunity ruling in September 2019, it would be *inequitable* to impose liability for attorneys' fees on these individual Defendants.

**C. <u>Plaintiff's Request for Enhancement is Unreasonable</u>**

In connection with an award of attorney's fees, only reasonably expended attorney hours are compensable; any excessive, objectively unreasonable amount of time must be reduced to what is reasonable regardless of whether such excessive amount of time was actually expended:

> Of the [172.5] hours counsel claims to have expended in pursuing this matter on appeal, we believe that compensation is appropriate for 90 of those hours. We have carefully reviewed counsel's time records in this regard, and reduced the number of hours by what we deem to be an excessive number of hours claimed to have been expended in researching and drafting the briefs submitted in this case.

*Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1214 (9th Cir. 1986) opinion amended on denial of reh'g, 808 F.2d 1373 (9th Cir. 1987)

The fees requested by Plaintiffs are too much given the nature of this matter.

> The following factors may be considered when considering attorneys' fees decisions: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Carter v. Caleb Brett LLC* (9th Cir. 2014) 757 F.3d 866, 869.

ARTIANO SHINOFF

The court has the discretion to enhance or reduce the lodestar figure to numerous factors, including:

> - Novelty and difficulty of the questions involved, and the skill displayed in presenting them;
> - Preclusion of other employment opportunities; and
> - Contingent nature of the fee award, both from the point of view of eventual victory on the merits and the point of view of establishing eligibility for an award.

*Ketchum*, *supra*, 24 Cal.4th 1122, 1132.

Plaintiff seeks recovery for fees for claims involving the blocking of Plaintiffs on social media. While the matter may be a novel one in terms of the evolving world of social media, it is not a complex or complicated endeavor. Based on the simple nature of the matter, an enhancement is unwarranted.

**1. There Has Been No Exceptional Delay To Warrant Enhancement**

Enhancement is only appropriate when "extraordinary circumstances" involve "exceptional delay." *Downey Cares v. Downey Community Develop. Commission* (1987) 196 Cal.App.3d 983, 997. But extraordinary circumstances do not exist here. Defendant played no part in unduly delaying Plaintiff's motion, and any such argument is factually unfounded.

The circumstances that resulted in the three and half years of litigation were of no fault of Defendants. Pretrial proceedings were continued 30 days until after a decision on the motion for summary judgment. (ECF No. 39.) The trial was moved to May 4, 2020 due to the Covid-19 pandemic (ECF No. 58.) The case was later moved due to the transfer of the case to two different Judges.

**2. The Claims Is Not Novel or Difficult; Skills Displayed in Presenting Plaintiff's Case**

While the matter may be a unique due to the evolving nature of social media it is not an overly complex or difficult matter to try. "[A] trial court should award a multiplier for exceptional representation only when the quality of representation ***far***

***exceeds*** the quality of representation that would have been provided by an attorney of comparable skill and experience billing at the hourly rate used in the lodestar calculation. *Ketchum*, *supra*, 24 Cal.4th at 1139, emphasis added. The case only required a one-day trial. Expert witnesses were not involved. Complex skills were not needed to present the fact driven case.

**3. Preclusion of Other Employment**

Plaintiffs' counsel claims that he turned down significant work in order to take this matter and that other firms were seeking to charge Plaintiffs an hourly fee to handle this litigation. While Plaintiffs' counsel stated that they turned down other matters in order to represent Plaintiff's in this matter, Plaintiffs' counsel failed to describe these matters in detail and requisite specificity. The preclusion of other employment cannot be adequately examined based on the information provided.

**4. Contingent Nature of The Fee Award**

Courts may consider the contingency fee risk as a factor to enhance the lodestar amount to attract attorneys to cases of significant public interest and to compensate for the risk of loss and delay in payment inherent in these types of fee cases. *Serrano v. Priest* (1977) 20 Cal.3d 25, 48. This is not the type of case deserving of enhancement. Plaintiffs described how in their initial attempts to hire an attorney in this matter "every lawyer expected to be paid monthly." (Declaration of Christopher Garnier, ¶ 2.) This suggests that this is a matter that would preclude the recovery of attorneys' fees. The decision by Plaintiff's counsel not to collect hourly fees does not result in the availability of attorneys' fees from Defendants. The fact that Plaintiff agreed to take this case purely on contingency does not provide them availability of attorneys' fees contrary to case law.

**D. <u>The District Was Dismissed Under the 11th Amendment</u>**

Plaintiffs brought this lawsuit against the Poway Unified School District and two elected board members, alleging the board members blocked the Plaintiffs from access to their social media campaign pages in violation of the First Amendment. Defendants

asserted the Eleventh Amendment defense, so Plaintiffs dismissed the School District and sued the individual board members in their individual capacity. (ECF No. 9.) Plaintiffs is barred from attempts to recover fees from the dismissed District.

**IV. CONCLUSION**

Because the Court has determined the issue novel and the Defendants were entitled to qualified immunity, the holding in *C.F. ex rel. Farnan* prohibits the award of attorneys' fees. *C.F. ex rel. Farnan v. Capistrano Unified School Dist.* (9th Cir. 2011) 654 F.3d 975, 984. The Court is respectfully requested to deny Plaintiffs' motion for award of attorneys' fees.

Dated: October 13, 2022

ARTIANO SHINOFF

By: /s/ Jack M. Sleeth

Daniel R. Shinoff
dshinoff@as7law.com
Jack M. Sleeth, Jr.
jsleeth@as7law.com
Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF; T.J. ZANE

ARTIANO SHINOFF

**CERTIFICATE OF SERVICE**

I hereby certify that on October 13, 2022, I electronically filed the forgoing **DEFENDANTS MICHELLE O'CONNOR-RATCLIFF AND T.J. ZANE'S OPPOSITITION TO PLAITNIFFS' MOTIONF FOR AWARD OF ATTORNEY FEES** with the Clerk of the Court using CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Cory J. Briggs, Esq.
Briggs Law Corporation
99 East C Street, Suite 111
Upland, CA 91786
Tele.: (909) 949-7115
Email: cory@briggslawcorp.com

By: /s/ Jack M. Sleeth Jr.

Daniel R. Shinoff
dshinoff@as7law.com
Jack M. Sleeth Jr.
jsleeth@as7law.com
Attorneys for Defendants MICHELLE O'CONNOR-RATCLIFF: T.J. ZANE

ARTIANO SHINOFF